**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**

HEATHER M. McKEON, ESQ.; STATE BAR NO.: 186414
Email: hmckeon@tharpe-howell.com
SARAH J. REYNOLDS, ESQ.; STATE BAR NO.: 299510
Email: sreynolds@tharpe-howell.com
MICHAEL A. BUSTOS, ESQ: STATE BAR NO.: 288603
Email: mbustos@tharpe-howell.com

Attorneys for Defendants,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, erroneously sued as STATE FARM INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AMBIENT HOSPICE INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM INSURANCE COMPANY, AND DOES 1 to 10, INCLUSIVE <br><br> Defendant. | Case No. <br><br> [Los Angeles County Superior Court Case No.: 25STCV21189] <br><br> Complaint Filed: October 7, 2025 <br><br> **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A) AND 1441(A), (B)** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(a) and § 1441(a) and (b), Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, erroneously sued as STATE FARM INSURANCE COMPANY ("Defendant" or "State Farm"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California – Western Division. The removal is based, specifically,

on the following grounds:

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391(b)(2), and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

3. On July 18, 2025, Plaintiff AMBIENT HOSPICE INC. ("Plaintiff") commenced the above-entitled action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Ambient Hospice Inc., v. State Farm Insurance Company*, Case No. 25STCV21189.

4. On July 18, 2025, the Los Angeles County Superior Court issued a Summons on Plaintiff's Complaint.

5. On October 7, 2025, the Summons and Complaint were personally served on Defendant's registered agent for service of process. State Farm has also received:

- Civil Case Cover Sheet
- Civil Cover Sheet Addendum and Statement of Location
- Clerk's Certificate of Service by Electronic Service
- Notice of Case Management Conference
- Order to Show Cause Hearing
- Certificate of Mailing
- Notice of Case Assignment – Unlimited Civil Case
- Notice of Confirmation of Filing
- Alternative Dispute Resolution (ADR) Information Package

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

A true and correct copy of the aforementioned documents served on State Farm, including the Summons and Complaint, is attached as **Exhibit A.**

6.     The attached **Exhibits A** constitute all processes, pleadings, and orders served upon, filed by, or received by Defendant in this matter.

## DIVERSITY

**A.     Citizenship**

7.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b), as the action is between citizens of different states.

8.     Plaintiff AMBIENT HOSPICE INC. is incorporated in the State of California and has its principal place of business in California. Accordingly, Plaintiff is a citizen of California. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). AMBIENT HOSPICE INC. is the only plaintiff in this action.

9.     Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is incorporated in the State of Illinois and has its principal place of business in Illinois. Accordingly, Defendant is a citizen of Illinois. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). State Farm is the sole named defendant in this action.

10.     Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.     Amount in Controversy**

11.     Plaintiff's Complaint sets forth causes of action for Breach of the Duty of Good Faith and Fair Dealing ("Bad Faith") and Breach of the Contractual Duty to Pay a Covered Insurance Claim. Plaintiff also seeks to recover punitive damages, *Brandt* attorney fees, and treble damages. Plaintiffs' claim was made under its automobile

insurance policy issued by Defendant. From the Complaint, Defendant has ascertained that the amount in controversy exceeds $75,000 as set forth below.

12. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee* Basin *Operating Co, LLC v Owen*, 574 U.S. 81, 89 (2014). Actual "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Ibid. See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

13. The amount in controversy for jurisdictional purposes is determined by the amount of damage. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977). It is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability, and is not affected by Plaintiff's ultimate recovery. *Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010), *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-294 (1938). The amount in controversy is not limited to damages accrued before the time of removal and instead "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). The amount in controversy includes not only economic damages, but also *Brandt* attorneys' fees, treble damages, costs, and punitive damages.

14. "When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. Of California, Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). Here, in Paragraph 11 of Plaintiff's Complaint, Plaintiff alleges that State Farm issued a payment in an amount significantly less than the amount of an estimate from Plaintiff's estimate of roughly $134,000. State Farm has ascertained that it paid Plaintiff roughly $25,000 for the

1  subject claim. This would mean that Plaintiffs are seeking at least $109,000 from this
2  instant action. Plaintiff's prayer for damages is in excess of $109,000 given that
3  Plaintiff also seeks punitive damages, treble damages, and *Brandt* attorney fees. This
4  amount clearly exceeds the jurisdictional requirement for diversity jurisdiction.

5        15. California Courts have allowed for the recovery of attorneys' fees from
6  an insurer in actions where policy benefits have tortiously been withheld. See *Brandt*
7  *v. Superior Court*, 37 Cal.3d 813, 816-819 (1985). When faced with the question of
8  whether attorney's fees, reasonably incurred to compel payment of policy benefits
9  tortiously withheld by an insurer, are recoverable, the California Supreme Court
10 answered in the affirmative. *Id.* at 815; see also *Conrad Assocs. v. Hartford Accident
11 & Indem. Co.*, 994 F.Supp.1196, 1199 (N.D. Cal. 1998). In the instant action,
12 Plaintiff's causes of action are for Bad Faith, in which *Brandt* fees are recoverable.
13 The Bad Faith claims are premised on Plaintiff's allegation that Defendant is
14 unreasonably withholding benefits due and owing.

15       16. Lastly, Plaintiff seeks punitive damages against State Farm in an
16 undisclosed amount, which are recoverable under Plaintiff's causes of action. "In
17 general, claims for punitive damages are considered in determining the amount in
18 controversy, as long as punitive damages are available under the applicable law."
19 *Molnar v. 1-800-Flowers.com, Inc.*, 2009 U.S.Dist.LEXIS 131768, at *17 (C.D. Cal.
20 Feb. 23, 2009, No. CV 08-0542 CAS (JCx)); see also *Bell v. Preferred Life Assurance
21 Soc'y*, 320 U.S. 238, 240 (1943). A "conservate" estimate at a ratio of 1:1 between
22 compensatory and punitive damages, *Guglielmino v. McKee Foods Corp.*, 506 F.3d
23 696, 698 (9th Cir. 2007), would bring Plaintiff's alleged damages beyond $218,000
24 given Plaintiff's estimate of $109,000. Thus, the amount in controversy, exclusive of
25 interests and costs, easily exceeds the jurisdictional minimum of $75,000 and federal
26 jurisdiction is proper.

## TIMELINESS OF REMOVAL

28       17. This Notice of Removal is timely filed in that it has been filed within

thirty (30) days after receipt by Defendant of Plaintiff's Complaint personally served on October 7, 2025, from which it could first be ascertained that the amount in controversy exceeds $75,000.00 and that the matter is removable. 28 U.S.C. §1446(b)(3).

18. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed its Complaint on July 18, 2025.

19. For the reasons set forth above, this Court has original jurisdiction over this matter, and the instant removal is both proper and timely.

Dated: November 4, 2025                                    THARPE & HOWELL, LLP

                                                By:  /s/ Heather M. McKeon
                                                     HEATHER M. McKEON
                                                     SARAH J. REYNOLDS
                                                     MICHAEL A. BUSTOS
                                                     Attorneys for Defendant,
                                                     STATE FARM MUTUAL
                                                     INSURANCE COMPANY, erroneously
                                                     sued as STATE FARM INSURANCE
                                                     COMPANY

# PROOF OF SERVICE

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A) AND 1441(A), (B)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Zaven A. Pehlevanian, Esq.<br>PEHLEVANIAN LAW GROUP<br>1201 N. Pacific Ave., Ste 111<br>Glendale, CA 91202<br>Tel:   (818) 793-0363<br>Fax:  (818) 793-0366<br>EM:   Zaven@PLGLA.com | *Attorneys for Plaintiff*<br>*Ambient Hospice Inc.* |
|---|---|

5. a **X** **ONLY BY ELECTRONIC TRANSMISSION.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/04/25 | Marcia Ramirez | /s/ Marcia Ramirez |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\36000-000\36335\Pleadings\2025.10.31 Ntc of Removal.docx